**IN THE UNITED STATES OF DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

**Date: September 15, 2006**

Courtroom Deputy: Ginny Kramer
Court Reporter:   Suzanne Claar
Interpreter: Adriana Weisz
Probation Officer: Lisa Pence

**Criminal Case No.  06-cr-00115-REB**

UNITED STATES OF AMERICA,                                    Roxane Perruso

v.

HECTOR GRIJALVA-RAMIREZ,                                     Matthew Golla
            Defendant.

**SENTENCING MINUTES**

**1:32 p.m.     Court in session.**

The Defendant is present in Court (in custody).

Opening statements by the Court.

The parties stipulate to the qualifications of the interpreter.

The Interpreter is sworn.

Pursuant to 18 U.S.C. § 3352 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and two addenda.

Counsel for the defendant informs the Court that he has read and discussed the presentence report and the two addenda with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information in mitigation of his punishment and commented on the probation officer's

determinations and other matters affecting sentence.

The Defendant is sworn.

Statement to the court by the defendant.

Statement to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. § 3551.
4. The presentence report and the two addenda.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § § 3553(a)(2) and 3553(a)(1-7).
7 The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1, 1A, 2, and 2A is formally approved.

2. That the Government's motion to grant the defendant an additional one-level decrease [#23] filed September 6, 2006, is **denied**. That the Government's second motion for decrease for acceptance of responsibility [#24] filed September 6, 2006, is **granted**.  The Defendant's motion to sentence below the advisory sentencing guidelines and sentencing memorandum, [#22] filed August 29, 2006, is **denied**.

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count One of the Indictment.

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant, Hector Grijalva-Ramirez,  is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **forty-six (46) months.**

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**; provided furthermore, that within 72 hours of his release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the probation department within the district to which he is released.

6. That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. §3583(d).

7. That while on supervised release the defendant shall comply with all standard conditions of supervised release in effect throughout this district as imposed by the court.

8. That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

    - that the defendant shall not possess or use illegally any controlled substances;

    - that the defendant shall not possess or use any firearm or any destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of his DNA;

    - that if the defendant is deported, he shall not re-enter this country illegally;

    - that if the defendant is deported and he re-enters this country legally, he shall report to the nearest United States Probation Department within 72 hours of re-entering this country.

9. That no fine is imposed.

10. That the defendant shall pay forthwith a special victim's fund assessment of $100.00.

11. That the mandatory drug-testing provisions of 18 U.S.C. § 3583(d) are waived.

12. That presentence confinement shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585; provided furthermore, that the Court recommends that the Bureau of Prisons credit the defendant for the time served in confinement since the date of his arrest on February 27, 2006.

13. That the defendant is remanded to the custody of the United States Marshal.

The Defendant is advised of his right to appeal the sentence imposed by the Court.

**2:08 a.m.     Court in recess.**

*Total in court time: 00:36 minutes - Hearing concluded*